IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY BLATTENBERGER, ELADIO BONILLA-RAMOS, JOHN BRUNSON, MICHAEL COLLINS, MOSES BHARATH, RONELL HUDSON, CAMERON MACK, LAURIS ROBINSON, LOUIS SCAVONE, CARLOS TENEZACA SIYANI WIGGINS, JUAN VARGAS, and KEVIN CARPENTER,[1]<br><br>          Plaintiffs,<br><br>v.<br><br>HOMEDELIVERYLINK, INC.,<br><br>          Defendant. | Civil No. 1:22-cv-981 |

## COMPLAINT

---

[1]     On May 9, 2017, two contractors performing deliveries for Defendant Homedeliverylink, Inc. ("HDL") filed a class action lawsuit, Kloppel v. Homedeliverylink, Inc., Civil Action No. 1:17-cv-6296-FPG (W.D.N.Y.), pursuant to Fed. R. Civ. P. 23 on behalf of class of similarly situated individuals who contracted with HDL and personally performed deliveries for HDL out of Sears facilities in Buffalo, Rochester, and Syosset, New York. The lawsuit alleged that HDL misclassified the class as independent contractors and, as a result, HDL's actions violated the New York wage laws and constituted unjust enrichment. The above-named Plaintiffs in this action were members of the class as defined in Kloppel.

    On June 3, 2020, the court in Kloppel granted the plaintiffs' motion for class certification. On April 25, 2022, the court decertified the class. Since the Plaintiffs in this lawsuit were members of the class identified in the complaint and originally certified in Kloppel, their wage claims are tolled pursuant to Am. Pipe & Const. Co. v. Utah, 414 U.S. 538, 553 (1974) and Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 354 (1983) which accrues from the date of filing of the original complaint, all of the Plaintiffs in this lawsuit assert their claims against Homedeliverylink, Inc. going back to May 9, 2011. On August 29, 2022, the above-named Plaintiffs filed a motion to intervene in Kloppel. On November 29, 2022, the Magistrate Judge issued a Report and Recommendation denying a motion to intervene in Kloppel which instructed Plaintiffs to file a new case due to Am. Pipe tolling. Plaintiffs did not object to the Magistrate's report and, instead, are filing the instant Complaint.

- 2 -

1. Plaintiffs bring this action lawsuit against Defendant Homedeliverylink, Inc. ("HDL") to recover damages under the New York Labor Law ("NYLL"), N.Y. LAB. LAW §§ 160, *et seq*.

## JURISDICTION AND VENUE

2. The Court has personal jurisdiction over the parties. Plaintiffs are citizens of the State of New York and/or worked for HDL in the State of New York. HDL does business in the State of New York and its conduct in the State of New York underlies all of the claims in this suit.

3. This Court further has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, since there is diversity between the parties and since the amount in controversy exceeds $75,000.

4. Venue is proper under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

5. Plaintiff Anthony Blattenberger is an individual residing in Hamburg, New York who contracted with HDL and personally performed deliveries for HDL on a full-time basis out of a Sears facility in Buffalo, New York from approximately July 2016 to approximately January 2017.

6. Plaintiff Eladio Bonilla-Ramos is an individual residing in Westbury, New York who contracted with HDL and personally performed deliveries for HDL on a full-time basis out of a Sears facility in Syosset, New York from approximately January 2012 to June 2015.

7. Plaintiff Michael Collins is an individual residing in Rochester, New York who contracted with HDL and personally performed deliveries on a full-time basis for HDL out of Sears facilities in Rochester and Buffalo, New York from approximately January 2011 to January 2019.

8. Plaintiff Moses Bharath is an individual residing in Round Rock, Texas who contracted with HDL and personally performed on a full-time basis deliveries for HDL out of a Sears facility in Syosset, New York from approximately July 2012 to September 2012.

9. Plaintiff Ronnell Hudson is an individual residing in Mastic, New York who contracted with HDL and personally performed deliveries on a full-time basis for HDL out of a Sears facility in Syosset, New York from approximately January 2012 to July 2019.

10. Plaintiff Cameron Mack is an individual residing in Rochester, New York who contracted with HDL and personally performed deliveries on a full-time basis for HDL on a full-time basis out of a Sears facility in Rochester and Buffalo from 2015 to 2016.

11. Plaintiff Carlos Tenezaca is an individual residing in Allentown, Pennsylvania who contracted with HDL and personally performed deliveries for HDL on a full-time basis out of a Sears facility in Syosset, New York from January to April 2012.

12. Plaintiff Siyani Wiggins is an individual residing in Ozone Park, New York who contracted with HDL and personally performed deliveries for HDL on a full-time basis out of a Sears facility in Syosset, New York from approximately 2015 to 2016.

13. Plaintiff Louis Scavone is an individual residing in Loxahacthee, Florida who contracted with HDL and personally performed deliveries for HDL on a full-time basis out of a Sears facility in Syosset, New York from approximately 2013 to 2015.

14. Plaintiff John Brunson is an individual residing in Coram, New York who contracted with HDL and personally performed deliveries for HDL on a full-time basis out of a Sears facility in Syosset, New York from approximately March 2012 to August 2012.

15. Plaintiff Lauris Robinson is an individual residing in Cheetowaga, New York who contracted with HDL and personally performed deliveries for HDL on a full-time basis out of a Sears facility in Buffalo, New York from approximately December 2011 to 2015.

16. Plaintiff Juan Vargas is an individual residing in East Merrill, New York who contracted with HDL and personally provided delivery services for HDL on a full-time basis out of a Sears facility in Syosset, New York from approximately January 2012 to August 2019.

17. Plaintiff Kevin Carpenter is an individual residing in Lewiston, New York who contracted with HDL and personally provided delivery services for HDL on a full-time basis out of a Sears facility in upstate New York from approximately August 2012 to January 2013.

18. Defendant Homedeliverylink, Inc. ("HDL") is a corporate entity headquartered at 32236 Paseo Adelanto, San Juan Capistrano, California 92675.

## FACTS

19. Sears maintains warehouses throughout the State of New York where it stores its merchandise for delivery.

20. Sears offers home delivery to its customers. To carry out its deliveries in New York, Sears contracts with HDL and other intermediary companies.

21. HDL is in the business of providing delivery of retail merchandise for its customers. HDL provides deliveries for companies such as Sears. To carry out this central function, HDL purports to contract with individuals such as the Plaintiffs to drive a delivery truck and to delivery merchandise to, for example, Sears customers' homes pursuant to Sears' requirements.

22. During the past 11 years, hundreds of individuals have contracted with HDL and personally performed delivery and other transportation related services for HDL in the State of New York. These individuals are referred to herein as "New York Drivers".

23. Plaintiffs and other New York Drivers are not free from Defendant's control and direction in performing their work.

24. Although HDL classified all New York Drivers, including Plaintiffs, as independent contractors, the control manifested over Plaintiffs by HDL demonstrates that it they are Defendant's "employees" under the NYLL. The following facts support this claim:

    a. Plaintiffs are required to report to a facility operated and/or maintained by Sears by 6:30 a.m., six (6) days per week, at which time they are provided with a manifest of deliveries to make.

    b. Plaintiffs are required to attend 5 to 30-minute morning meetings with HDL and Sears personnel where they receive instruction on aspects of deliveries such as how to assemble merchandise/equipment and how to interact with customers.

    c. Plaintiffs are assigned delivery routes by HDL and cannot turn down a route that has been assigned to them.

    d. Plaintiffs are instructed to load the merchandise to be delivered onto their trucks in a specific order.

    e. Plaintiffs are required to make deliveries in the order dictated by daily manifests provided to them by HDL. Plaintiffs are further required to make deliveries in two-hour time windows specified by HDL in the delivery manifests and HDL and Sears specify how long Plaintiffs are given to make each delivery.

    f. Plaintiffs are required by HDL and Sears to log the completion of each delivery throughout the day on a cellphone application.

g. Plaintiffs are required to wear uniforms consisting of a navy shirt stating "Authorized Carrier" or "Sears Authorized Delivery" on it, black pants and black boots when making deliveries for HDL and Sears.

h. Plaintiffs are required to carry a cell phone so that they may receive calls from HDL and Sears. HDL and Sears contact Plaintiffs during the day with instructions related to cancellations and rescheduling of deliveries.

i. Plaintiffs are required to be in contact with HDL dispatchers regarding the status of deliveries, including whenever there was a problem with a delivery.

j. HDL provided Plaintiffs with detailed instructions for the installation of Sears merchandise.

k. HDL supervisors perform "ride-behinds" where they monitor its delivery drivers' performance in the field.

l. Plaintiffs are required to return haul-aways, equipment that customers want removed from their homes or businesses after delivery of new merchandise, back to the Sears facility on the same day or immediately the next morning.

m. Plaintiffs are not permitted to use helpers to make deliveries unless those helpers have passed background checks conducted by an agent of HDL.

n. HDL retained the right to terminate any of the delivery drivers' helpers.

o. Plaintiffs are not permitted to solicit HDL customers or clients, directly or indirectly, for a period of one year after termination of the driver's contract with HDL.

25. HDL requires delivery drivers with which it contracts to have or lease a truck that meets specifications determined by HDL.

26. HDL keeps track of Plaintiffs' performance through customer ratings and posts their scores daily. HDL will suspend Plaintiffs if their rating drops below a certain level.

27. HDL also requires delivery drivers with which it contracts to obtain insurance, including automobile liability, commercial general liability, umbrella liability, cargo, and worker's compensation coverage, at levels dictated by HDL.

28. HDL retained the right to terminate the contract with its delivery drivers without cause.

29. HDL keeps track of customers' ratings and openly discusses these ratings with Plaintiffs and the other New York Drivers on a weekly basis. If a drivers' customer ratings are low, HDL will threaten the driver with termination.

30. Plaintiffs were required to call into Sears' customer service while they are making deliveries if customers have complaints, need to reschedule deliveries, want rebates for any reason or are upset with the service they received.

31. Sears' customer service would then instruct Plaintiffs and the other New York Drivers on what steps to take next to satisfy the customers.

32. Plaintiffs and the other New York Drivers generally are paid on a job-rate basis whereby they receive for each delivery a fixed amount of money paid by Defendant.

33. Plaintiffs performed work which is in the usual course of business of HDL – i.e., they perform delivery services and HDL is in the business of providing delivery services of Sears' merchandise to Sears' customers.

34. Plaintiffs do not operate independently established trades or businesses because they are entirely dependent upon HDL for their work, they do not negotiate with Defendant's or Sears' customers regarding the rates charged for their services, and they do not contact Defendant's or Sears' customers independent of HDL or Sears.

35. HDL required Plaintiffs to provide exclusive use of their trucks to HDL.

36. Plaintiffs, as well as the other New York Drivers, are not permitted to subcontract or assign their rights under their agreement with HDL to another delivery driver.

37. Due to the full-time nature of their work for HDL, and because they are required to make deliveries as scheduled by HDL, wearing a uniform required by HDL, Plaintiffs did not work for other entities making deliveries while they are working full-time for Defendant and were reliant on HDL for their income.

38. HDL deducted certain expenses directly from the compensation it paid Plaintiffs, including when HDL determined, in its sole discretion, that a delivery was made in a manner it deemed to be unsatisfactory (e.g., damaged goods, damage to customer property). HDL deducted the costs of such damage from paychecks.

39. HDL also deducted other expenses from the compensation it paid Plaintiffs, such as the cost of truck rental and fuel.

40. There were also times when HDL deducted the costs of workers' compensation insurance and general liability insurance from the compensation it paid to.

41. HDL unlawfully received kick-backs from Plaintiffs, as well as the other New York Drivers, and made a statement or representation that failure to provide these kick-backs would result in termination.

42. HDL failed to furnish Plaintiffs, as well as the other New York Drivers, with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances, deductions taken, and net wages paid.

## COUNT I
**(New York Labor Law - Unlawful Wage Deductions)**

43. All previous Paragraphs of this Complaint are incorporated as though fully set forth herein.

44. Plaintiffs were employed by HDL and, as such, are entitled to the NYLL's protections. See N.Y. LAB. Law § 862-b.

45. HDL violated the NYLL by subjecting Plaintiffs to improper deductions, charges and/or expenses that were not incurred for the benefit of Plaintiffs. See N.Y. LAB. Law § 193.

## COUNT II
**(New York Labor Law –Record-Keeping Requirement Violation)**

46. All previous Paragraphs of this Complaint are incorporated as though fully set forth herein.

47. HDL failed to supply Plaintiffs with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

48. Plaintiffs are entitled to damages of $100 for each workweek that HDL failed to provide accurate wage statements, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs seek the following relief:

A. Pre-judgment interest and post-judgment interest as provided by law;

B. Appropriate equitable and injunctive relief to remedy violations, including but not limited to an order enjoining HDL from continuing their unlawful practices;

C. Attorneys' fees and costs of the action;

D. Statutory damages, as provided by N.Y. Lab. Law § 198, for HDL's violations of N.Y. Lab. Law § 195;

E. Issuance of a declaratory judgment that the practices complained on in this action are unlawful under N.Y. Lab. Law § 198, *et. seq.*;

F. Plaintiffs' damages as provided at trial, including damages for the deductions taken from their compensation checks;

G. Application of statutory liquidated damages; and

H. Such other and further relief as this Court deems just and proper.

Dated: December 17, 2022　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　ANTHONY BLATTENBERGER, ELADIO
　　　　　　　　　　　　　　　　　　　　　BONILLA-RAMOS, JOHN BRUNSON,
　　　　　　　　　　　　　　　　　　　　　MICHAEL COLLINS, MOSES
　　　　　　　　　　　　　　　　　　　　　BHARATH, RONELL HUDSON,
　　　　　　　　　　　　　　　　　　　　　CAMERON MACK, LAURIS ROBINSON,

- 11 -

        LOUIS SCAVONE, CARLOS TENEZACA
        SIYANI WIGGINS, JUAN VARGAS, and
        KEVIN CARPENTER,

        /s/ Harold L. Lichten
        Harold L. Lichten, Esq.
        Benjamin J. Weber, Esq.
        LICHTEN & LISS-RIORDAN, P.C.
        729 Boylston Street, Suite 2000
        Boston, Massachusetts 02116
        (617) 994-5800

        Samuel Alba, Esq.
        FRIEDMAN & RANZENHOFFER, P.C.
        74 Main Street
        P.O. Box 31
        Akron, New York 14001
        (716) 542-5444

        Ravi Sattiraju, Esq.
        SATTIRAJU & THARNEY, LLP
        150 Millstone Road
        Building 300, Suite 202
        East Windsor, NJ 08520
        (609) 469-2110

        *Plaintiffs' Counsel*